Ex parte Aurelio MURO.

No. 38396.

Court of Criminal Appeals of Texas.

June 16, 1965.

Rehearing Denied Oct. 20, 1965.

John Whiteside, Fort Worth, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

On an appeal to this court from a conviction for assault with intent to murder, with punishment assessed at five years, the judgment was affirmed. Muro v. State, Tex.Cr.App., 387 S.W.2d 674. The record on appeal contains a statement of facts of the evidence.

The relator herein sought his release by writ of habeas corpus on the ground that Esther Ashmore testified as a witness on behalf of the state and after the judgment of conviction had become final she retracted her testimony. The writ was granted and a hearing was had, the writ being made returnable to this court in accordance with the terms of Art. 119, Vernon's Ann.C.C.P.

From the record of the trial it appears that the assaulted party testified as a witness for the state. The appellant testified and called other witnesses who supported his plea of self defense. The testimony of these witnesses on the trial, including that of Esther Ashmore, is sufficiently summarized in the opinion aforesaid.

At the hearing on the writ, the witness Ashmore repudiated her testimony given at the trial. She testified on the hearing that the assaulted party, with whom she had been dating for some time before the difficulty, was intoxicated, that he pushed the appellant and put his hand in his (the assaulted party's) pocket, and that he carried a knife. This testimony was contrary to that given by her on the trial.

There is no evidence that the prosecuting attorney knew or had reason to believe at the time of the trial that any of the testimony given by the state's witness Ashmore was false, if it was. At the hearing, Ashmore testified that after the conviction had become final she went to the office of the state's attorney. On cross-examination by him about her visit to the office she stated:

"You told me that you already knew that I was going out with Martinez (assaulted party); that somebody had told you. * * * And that's the only thing that I talked to you about. * * And you told me to go see Mr. Whiteside, the lawyer; and I didn't have nothing else to say, so I just left."

 This being an indirect attack upon the judgment of conviction, the sufficiency of the evidence is not before us for review. The only question presented is whether the judgment is void.

From the record, it is concluded that the judgment is valid as against the collateral attack made thereon.

The application is denied.

Opinion approved by the Court.